UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

                      Plaintiff,                  Civil Action No. 23-10304

v.                                                 George Caram Steeh
                                                    United States District Judge

SMALLINSKIE, *et al.*,                  David R. Grand
                                                      United States Magistrate Judge

                      Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)

*Pro se* plaintiff Joshua Snider ("Snider"), who was incarcerated at the Washtenaw County Jail at the time of filing the complaint in this case, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Officer Smallinskie, Lieutenant Williams, and Sargent Wazner (collectively, "Defendants"), alleging that Defendants discriminated against and punished Snider for being transgender, in violation of his rights under the Eighth and Fourteenth Amendments. (ECF No. 1).

On April 13, 2023, an Order of Reference was entered referring this case to the undersigned for all pretrial matters, and a copy of that Order was mailed to Snider at his address of record at the Washtenaw County Jail, "2201 Hogback Road, Ann Arbor, MI 48105." (ECF No. 16; dkt. entry 4/13/2023). However, on April 25, 2023, the Court's mailing to Snider was returned as undeliverable, noting "Return to Sender[;] No Longer in

Jail." (ECF No. 16, PageID.52). Despite being advised of his obligation to notify the Court of any address change (ECF No. 5), and apparently being released from custody[1], Snider has not filed a notice of change of address with the Court.

Due to Snider's failure to provide a notice of change of address, the Court issued an Order to Show Cause and to Provide Current Address, which directed Snider to "provide the Court with an updated mailing address by **May 25, 2023**," and expressly warned that **"Snider's failure to timely provide the Court with an updated address may result in a recommendation that this case be dismissed for failure to prosecute**." (ECF No. 17, PageID.54-55) (emphasis in original). Despite it now being months past the deadline, Snider has yet to respond to the Court's Order to Show Cause or provide an updated address with the Court, and the Court has no way to reach him. Indeed, Snider has filed no papers in this case beyond the initial filing of his complaint and prisoner trust fund account statement in February and March of 2023.

## II.  ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule –

---

[1] Consistent with the returned mail, the MDOC OTIS website indicates that Snider was released on probation on April 17, 2023, and remains on "Probationer" status. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=834248 (last visited October 3, 2023).

>  except one for lack of jurisdiction, improper venue, or failure to join
>  a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

>  (1) whether the party's failure is due to willfulness, bad faith, or fault;
>  (2) whether the adversary was prejudiced by the dismissed party's

3

>    conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.

The Court warned Snider that his case would be dismissed with prejudice if he failed to timely provide the Court with an updated address.  (ECF No. 17).[2]  Despite the passage of several months beyond the deadline, Snider has yet to do so, meaning that the first[3] and third factors weigh in favor of dismissal.  As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Snider's apparent abandonment of his claims.  Finally, given Snider's failure to provide an updated address, as well as the Court's continued inability to reach Snider as a result, the Court sees no utility in considering or imposing a lesser sanction.

---

[2] To the extent Snider was unable to receive the Court's Order to Show Cause and to Provide Current Address because he failed to provide an updated address upon being released on probation from the Washtenaw County Jail, the law makes clear that "[Plaintiff] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of [Plaintiff's] current address."  *Brown v. White*, No. 09-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (internal quotations omitted).; *see also, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party … bears the burden of keeping the court apprised of any changes in his mailing address."); *Taylor v. Warren County Regional Jail*, No. 91-5463, 1992 WL 76938, at *2 (6th Cir. Apr. 13, 1992) (same).  Indeed, E.D. Mich. LR 11.2 provides the Court with the authority to dismiss a case for failure to keep it apprised of address changes.  And, when the Court, early in this case, advised Snider of his obligation to "promptly file a notice" of any address change, he was also advised that his failure to do so "may result in the **dismissal** of [his] case." (ECF No. 5) (emphasis in original).

[3] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.

Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Snider has "engaged in a clear pattern of delay" by failing to provide an updated address despite the passage of months beyond the deadline, which is necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 11.2.

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Snider's complaint **(ECF No. 1)** and his claims against Defendants be **DISMISSED WITH PREJUDICE**.

Dated: October 4, 2023  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager